NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIA MELISSA SANCHEZ-GAMONEDA; JONATHAN JOSUE ARTEAGA-SANCHEZ; HEATHER KRISTAL ARTEAGA-SANCHEZ, | No. 17-70347 |
| Petitioner, | Agency Nos. A206-836-826 A206-836-827 A206-836-828 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026**
San Francisco, California

Before: LEE, BUMATAY, and SANCHEZ, Circuit Judges.

Petitioner Claudia Melissa Sanchez-Gamoneda and her two children are

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

natives and citizens of Honduras.[1] Sanchez-Gamoneda petitions for review of a Board of Immigration Appeals ("BIA") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Our review is limited to the BIA's decision except to the extent the IJ's opinion is expressly adopted. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (citation omitted). Legal questions are reviewed de novo, *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024), and factual findings by the agency, including a "persecutor's motivations for persecuting the petitioner," are reviewed for substantial evidence, *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). Under the substantial evidence standard, we reverse only if "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* at 1016 (quoting *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)).

1.    Substantial evidence supports the BIA's denial of asylum and withholding of removal. "An asylum applicant must demonstrate that a protected ground was 'at least one central reason' for [his] persecution," and "[a]

---

[1] The two children are derivative beneficiaries of Petitioner's application for asylum. The children filed their own applications for CAT and withholding of removal that mirror the claims raised by Sanchez-Gamoneda. Any references to "Petitioner" refers to the lead Petitioner, Sanchez-Gamoneda.

withholding of removal applicant . . . must prove only that a cognizable protected ground is 'a reason' for future persecution." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). Petitioner argues that her nuclear family constitutes a particular social group but fails to demonstrate a causal nexus between claimed persecution and their family ties. Juan Angel Arteaga-Montes, Petitioner's former boyfriend and father to her children, was extorted by gang members demanding daily payments from his work as a taxi driver. Arteaga made payments from January 2014 until April 2014. Moreover, as our caselaw recognizes, evidence of threats motivated by financial gain is generally insufficient to establish a nexus to a protected ground.[2] *See Rodriguez-Zuniga*, 69 F.4th at 1019 n.2, 1020 (finding no nexus where targeting is used "only as an instrumental means to obtain money"). Thus, the BIA reasonably concluded that the threats had no nexus to Petitioner's family ties.

Petitioner also failed to establish a nexus between her family-based membership and any fear of future persecution. 8 C.F.R. § 1208.13(b)(l); *see Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc) (holding that fear of "sporadic violence that has recurred in [petitioner's] country" is insufficient to show that harm is likely for a petitioner "absent an individualized risk of

---

[2] Petitioner contends that death threats alone may constitute persecution, but cites no caselaw where death threats alone, without any nexus to a protected ground, demonstrate persecution for asylum purposes.

persecution"). Petitioner offered no evidence of an individualized risk of future harm because she feared "generalized crime and gang violence in Honduras" and failed to show a "reasonable probability that such harm will be inflected on a protected ground." Because Petitioner cannot establish a claim for asylum, her claim for withholding of removal—which is a more rigorous standard—also fails. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987).

2.      Substantial evidence supports the BIA's denial of CAT protection. The BIA determined that Petitioner's general evidence of country conditions and the government's unsuccessful efforts in controlling gang violence did not rise to the level of government acquiescence. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime" does not establish a "particular" fear of torture sufficient to meet the CAT standard). Petitioner argues that the threats to Arteaga caused her severe mental suffering amounting to torture under the CAT. Even if mental anguish could amount to torture, Petitioner has not presented evidence of government acquiescence to that torture because she never reported anything to the police. *Andrade-Garcia v. Lynch,* 828 F.3d 829, 836 (9th Cir. 2016) (holding that "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence"). Under our "highly deferential substantial evidence standard," the evidence before us does not compel a reversal of the BIA's

4

denial of CAT relief. *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005).

**PETITION DENIED.**